UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GERALD WAYNE LEBEAU and<br>NEIL THOMAS LEBEAU,<br><br>Defendants. | 5:14-CR-50048-KES<br><br><br>ORDER DENYING<br>MOTION TO SEVER |

Defendant, Neil Thomas LeBeau, moves the court to sever his trial from that of his co-defendant, Gerald Wayne LeBeau. The United States resists the motion. For the following reasons, the court denies the motion to sever.

## BACKGROUND

Defendants were indicted on May 20, 2014, on one count of conspiracy to distribute or possess with the intent to distribute a controlled substance (cocaine) and one count of conspiracy to distribute or possess with the intent to distribute a controlled substance (marijuana). Gerald was charged with a separate count alleging possession with intent to distribute a controlled substance (cocaine). On August 26, 2014, the government filed a superseding indictment, which added a fourth count charging Gerald with witness tampering.

On November 3, 2014, Neil filed the present motion to sever his and Gerald's joint trial. Docket 83. Neil contends that the government has in its possession, and intends to introduce at trial, recorded phone conversations

made by Gerald from the Pennington County Jail that could be used to inculpate Neil. Because Gerald would not be subject to cross-examination at their joint trial, Neil asserts that the government's use of those phone calls would deny him his Sixth Amendment Confrontation Clause rights.

## LEGAL STANDARD

An indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "The Rule is to be liberally construed in favor of joinder." *United States v. Jones*, 880 F.2d 55, 62 (8th Cir. 1989) (citations omitted). "When a defendant moves for severance, a district court must first determine whether joinder is proper under [Rule] 8. Even if joinder is proper under that rule, the court still has discretion to sever under Rule 14." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005). If joinder is proper, however, a defendant seeking severance under Rule 14 must show prejudice would result from proceeding with a joint trial. Fed. R. Crim. P. 14(a); *see also United States v. Sanchez-Garcia*, 685 F.3d 745, 754 (8th Cir. 2012). "The prejudice must be 'real,' that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately.' " *United States v. Elder*, 682 F.3d 1065, 1074 (8th Cir. 2012) (quoting *United States v. Mickelson*, 378 F.3d 810, 817–18 (8th Cir.2004)).

The Supreme Court has explained that severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable

judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The Eighth Circuit has further elaborated that, in order to demonstrate prejudice under Rule 14, a defendant must show "that '(a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants.' " *Sanchez-Garcia*, 685 F.3d at 754 (quoting *United States v. Davis*, 534 F.3d 903, 916-17 (8th Cir. 2008)). "Generally, the risk that a joint trial will prejudice one or more of the defendants 'is best cured by careful and thorough jury instructions.' " *Davis*, 534 F.3d at 917 (quoting *Mickelson*, 378 F.3d at 818).

## DISCUSSION

### I. Misjoinder

Neil does not challenge the propriety of the initial joinder under Rule 8. Because Neil has moved for severance, however, this court must "first determine whether joinder is proper under Rule 8." *Ruiz*, 412 F.3d at 886. The superseding indictment alleges that both defendants were engaged in two separate, but contemporary conspiracies involving the distribution of or possession with the intent to distribute cocaine and marijuana. Docket 56. The superseding indictment also alleges that Gerald possessed with the intent to distribute cocaine. *Id.* Gerald's purported possession of cocaine with the intent to distribute is "part of one overall scheme about which all joined defendants knew and in which they all participated" with respect to the alleged cocaine distribution conspiracy. *United States v. Bledsoe*, 674 F.2d 647, 656 (8th Cir. 1982); *see also United States v. Davis*, 882 F.2d 1334, 1341 (8th Cir. 1989)

3

(describing possession with intent to distribute cocaine as "a substantive offense that is an objective of the conspiracy" to distribute cocaine).

The fourth count charges Gerald with witness tampering. Docket 56. Gerald is alleged to have "knowingly attempted to corruptly persuade, and engage in misleading conduct . . . with the intent to influence, delay, and prevent the testimony" of a potential witness in this case. *Id.* While only Gerald is alleged to have engaged in this conduct, "not every defendant joined must have participated in every offense charged." *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996). Additionally, the act of witness tampering was allegedly undertaken to hinder or conceal the prosecution in the present case, an "act[] [which] would not have been necessary but for the underlying offenses with which [the] defendants were charged." *United States v. Grey Bear*, 863 F.2d 572, 583 (8th Cir. 1988) (en banc). Thus, the conspiracy counts linking the two defendants and "the close logical relationship between [those] charges and the individual count[] of witness tampering" demonstrates "that all of the offenses were part of 'the same series of acts' under Rule 8(b)." *Id.* (internal citations omitted). Therefore, joinder of Neil and Gerald in the superseding indictment is proper for purposes of Rule 8.

## II.  Severance

Neil argues that severance is appropriate under Rule 14, however, because the government has and intends to introduce recorded telephone conversations made by Gerald to other individuals while he was imprisoned at the Pennington County Jail. Docket 83 at 1. Neil identified a number of

recorded conversations in which Gerald appears to admit to his own involvement in the use and distribution of cocaine. *Id.* at 2-4. Additionally, several of the conversations reveal Gerald's desire to act as a possible government informant against Neil, as well as suggest that Neil is engaged in the sale of narcotics. *See id.* at 4. Neil contends that severance is required because Gerald's statements are testimonial in nature, and Neil's inability to cross-examine his co-defendant will deny him his Sixth Amendment Confrontation Clause rights. *Id.* at 4-6.

The government acknowledged that it does not intend to introduce any of the statements identified by Neil unless Gerald testifies. Docket 87 at 1. Thus, if Gerald does not testify, the statements Neil identified will not be heard by the jury. If Gerald does testify, however, Neil will have the opportunity to confront and cross-examine him. Therefore, Neil's Confrontation Clause rights would not be infringed. *Cf. United States v. High Elk*, 442 F.3d 622, 625 (8th Cir. 2006) (citing *Johnson v. United States*, 318 U.S. 189, 195 (1943)) (explaining that when a co-defendant voluntarily takes the witness stand, that co-defendant may be recalled as a witness or otherwise subject to cross-examination).

The government does intend, however, to introduce other recorded phone conversations made by Gerald from the Pennington County Jail following an arrest in 2011, as well as recorded conversations from January and February of 2014. Docket 87 at 1. According to the government, these conversations were between Gerald and several alleged co-conspirators, and they

demonstrate that Gerald continued to manage his drug distribution venture from the Pennington County Jail. *Id.* at 1-2. Interspersed among these phone calls are references to Neil's involvement in the venture or dialogues alleged to have taken place between Gerald and Neil directly. *See, e.g.*, Docket 87-1 at 6 ("Have Neil take you down, get a digital and make them all 6.4, all of [them], that way we have . . . $44 per package, got it?"); Docket 87-2 at 51 (summarizing conversation between Neil and Gerald wherein Neil indicates he can deposit money in Gerald's account and retrieve a pair of "pants"). The government contends that admission of these statements would be governed by Rule 801(d)(2)(E) as co-conspirator statements, and thus would not violate Neil's Confrontation Clause rights. Docket 87 at 2-4.

In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that the admission of so-called "testimonial" hearsay does not violate the Confrontation Clause "only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Id.* at 59. By contrast, if a hearsay statement is not testimonial, the Court has considered "reliability factors beyond prior opportunity for cross-examination" to determine its admissibility. *Id.* at 57. Although the Court did not exhaustively define which statements are to be considered testimonial, the Court noted that co-conspirator statements are not testimonial for purposes of Confrontation Clause analysis. *Id.* at 56 ("Most of the hearsay exceptions covered statements that by their nature were not testimonial–for example, business records or statements in furtherance of a conspiracy."). Thus, the Eighth Circuit has held

6

that the admission of statements by a co-defendant which also qualify as co-conspirator statements under Rule 801(d)(2)(E) does not run afoul of the Confrontation Clause. *United States v. Singh*, 494 F.3d 653, 658-59 (8th Cir. 2007) (explaining these statements "are generally non-testimonial and, therefore, do not violate the Confrontation Clause as interpreted by the Supreme Court."); *see also United States v. Reyes*, 362 F.3d 536, 540 (8th Cir. 2004), *cert denied* 542 U.S. 945.

    Regarding the government's proffered statements, Neil argues that the conversations lack foundation, are not indicative of a criminal conspiracy, or are otherwise unreliable. Docket 91 at 1-2. Additionally, Neil alludes to the possibility that he will be found guilty by association considering the amount of potential evidence admissible against Gerald. *Id.* at 2 ("There is a very real harm placed on the Defendant Neil LeBeau when the evidence against Gerald LeBeau is looked at closely."). First, while the procedure for determining whether a statement is admissible under Rule 801(d)(2)(E) is well established, *see, e.g., United States v. Young*, 753 F.3d 757, 771 (8th Cir. 2014); *United States v. Spotted Elk*, 548 F.3d 641, 660-61 (8th Cir. 2008), that determination is more appropriately made through a motion in limine rather than through a motion to sever. Second, the Eighth Circuit has established that "[s]everance is not required merely because evidence which is admissible only against some defendants may be damaging to others[.]". *Delpit*, 94 F.3d at 1143. Thus, although co-conspirator statements may be admitted at trial, severance is not warranted based on the bare assertion that prejudice will inevitably result.

7

*United States v. Gutberlet*, 939 F.2d 643, 646 (8th Cir. 1991) (explaining the defendant had failed to show the admission of a co-conspirator's statements to an undercover law enforcement officer resulted in prejudice).

As the Eighth Circuit has observed, " '[i]n general, persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together.' " *United States v. Jones*, 880 F.2d 55, 61 (8th Cir. 1989) (quoting *United States v. Adkins*, 842 F.2d 210, 211 (8th Cir. 1988)). To warrant severance, a defendant must demonstrate prejudice will result from a joint trial. *Davis*, 534 F.3d at 916. For the reasons stated, Neil has not demonstrated the necessary prejudice to sever his and Gerald's joint trial. Therefore, Neil's motion to sever is denied.

## CONCLUSION

Defendants were properly joined under the superseding indictment pursuant to Rule 8. Additionally, Neil has not demonstrated prejudice as required by Rule 14 to warrant severance of his trial from Gerald. Accordingly, it is

ORDERED that defendant Neil LeBeau's motion to sever (Docket 83) is denied.

Dated November 20, 2014.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE