UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>GERALD WAYNE LEBEAU and<br>NEIL THOMAS LEBEAU,<br><br>　　　　　　　　Defendants. | 5:14-CR-50048-02-KES<br><br><br>ORDER GRANTING<br>MOTION IN LIMINE |

Pending before the court is defendant Neil Thomas LeBeau's motion in limine. Docket 392. Neil moves to prevent the government from eliciting testimony regarding acts of violence that Neil contends are unrelated or irrelevant to the crimes charged against him. The government opposes the motion. For the following reasons, the court grants the motion.

### BACKGROUND

On May 20, 2014, Gerald Wayne LeBeau and his son Neil were indicted together on one count of conspiracy to distribute a controlled substance (cocaine) and one count of conspiracy to distribute a controlled substance (marijuana). Gerald was also indicted on a separate count alleging possession with intent to distribute a controlled substance (cocaine). On August 26, 2014, the government filed a superseding indictment charging the three previous counts and adding a fourth count charging Gerald with witness tampering. On July 2, 2015, the

government moved to dismiss the count charging Gerald with witness tampering. Docket 329.

A jury trial for this case began on July 6, 2015, which ended after the court granted a motion for mistrial on July 10, 2015. The trial is set to commence again on August 10, 2015.

A pretrial conference was then held on July 31, 2015, and the court ruled on a number of motions. The court reserved ruling on the present motion, however, until the court had an opportunity to review the pertinent part of the trial transcript.

## DISCUSSION

During the first trial, the government called Julie "Nanny" Tyon as a witness. Docket 426-1 at 207. She was a former girlfriend of Neil's. Tyon testified about a trip to Colorado in 2011 that she took with Neil and Whitney Zephier. According to Tyon, the purpose of this trip was for Neil to obtain cocaine.

Tyon testified that they had been consuming alcohol during the entirety of trip and that she became intoxicated. She described intermittent arguments between herself and Neil, and stated that Neil called her several names and declared that she was a "snitch" and could not be trusted. *Id.* at 212-213. Tyon then testified about a violent altercation that took place near their destination in Colorado. According to Tyon, Neil pulled the vehicle over, drug her out of the passenger door, and began physically assaulting her. Tyon stated that she urinated on herself as a result of the assault. *Id.* at 213.

On cross-examination, Tyon was asked about her relationship with Neil. Specifically, she was asked if fighting with Neil was related to drugs. Tyon

responded, "No. He fights with me all the time." *Id.* at 217. On re-direct, Tyon was asked about Neil calling her a snitch. Tyon responded that "[h]e was just always calling [her] names and saying things to [her]". *Id.* at 218.

Neil contends that Tyon's testimony about the acts of violence should not be admitted during the new trial. Because a conspiracy involves at least two persons that enter into an agreement for an unlawful purpose, acts that are committed in furtherance of the conspiracy are circumstantial evidence that the agreement existed. *United States v. Maynie*, 257 F.3d 908, 915 (8th Cir. 2001); *United States v. Dierling*, 131 F.3d 722, 730 (8th Cir. 1997). Thus, the evidence is admissible unless its probative value is substantially outweighed by unfair prejudice. Fed. R. Civ. P. 401; *Dierling*, 131 F.3d at 730.

The Eighth Circuit has observed that threats and acts of violence made for the purpose of silencing a potential witness are admissible as evidence of a conspiracy. *United States v. Davis*, 357 F.3d 726, 729 (8th Cir. 2004) ("Because drug dealing is often a violent vocation, and because the evidence of threats and violence was presented to show the lengths that Davis would go to protect the conspiracy, its probative value was substantial and far outweighed any prejudicial effect."); *Dierling*, 131 F.3d at 731 ("The slaying was an act by the conspiracy's leaders to control a subordinate member of the conspiracy" and "showed the lengths the conspirators would go to protect their interest in the long term viability of the conspiracy.").

Here, Tyon's testimony that she rode with Neil to Colorado for the purpose of obtaining cocaine is highly probative to the issue of whether a conspiracy to distribute cocaine existed. The alleged acts of violence that took place along the

way, however, are unrelated to that purpose and were not committed as an act or acts to silence a potential witness. In context, while Tyon recalled Neil's accusations that she could not be trusted, she also testified that Neil fought with and called her names regularly. She described numerous other arguments between herself and Neil during the trip, with the alleged assault being the culmination of those earlier disputes. Thus, the acts of violence described by Tyon were not acts committed in furtherance of the conspiracy, but rather the acts of violence were part of the pattern of their relationship. Because the violent acts are not probative of the conspiracy's existence, Tyon's testimony describing those acts of violence are precluded.

## CONCLUSION

Tyon's testimony concerning acts of violence committed by Neil during their trip to Colorado is not probative of the conspiracy charges against him. The government is precluded from eliciting her testimony concerning those acts. Accordingly, it is

ORDERED that Neil's motion in limine (Docket 392) is granted.

Dated August 7, 2015.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE